AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>BLUE APPLE IPHONE AND BLACK IPHONE,<br>CURRENTLY LOCATED AT 801 LINN STREET,<br>CINCINNATI, OHIO 45203 | ) <br> ) <br> )    Case No.   1:22-mj-491 <br> ) <br> ) <br> ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ Southern _____ District of _____ Ohio _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a Firearm by a Prohibited Person |

The application is based on these facts:

See attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *) is requested under* 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

William C. Crayner, Special Agent ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ FaceTime video conference _____ *(specify relia*

Date: **Aug 16, 2022**

_____
Karen L. Litkovitz
**United States Magistrate Judge**

City and state: Cincinnati, Ohio

## ATTACHMENT A

The property to be searched is:

    (1)  a black Apple iPhone currently located at Cincinnati Police Department, Criminal

           Investigations Section, 801 Linn Street, Cincinnati, Ohio 45203; and

    (2)  a blue Apple iPhone currently located at Cincinnati Police Department, Criminal

           Investigations Section, 801 Linn Street, Cincinnati, Ohio 45203.

The property is specifically plugged into a charger within the Digital Forensics Unit. This warrant authorizes the forensic examination of the **SUBJECT DEVICES** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the **SUBJECT DEVICES** described in Attachment A that relate to violations of <u>18 U.S.C. §§ 922(g)(1)</u> and involve ███████████████ and █████ ███████ E since July 1, 2022, including:

 a. any photographs of firearms;

 b. any communications related to firearms, including but not limited to, the possession, purchase, and sale of firearms;

 c. lists of customers and related identifying information;

 d. types, amounts, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions;

 e. any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

 f. any information recoding ███████████ and ███████████ schedule or travel from July 1, 2022 to the present;

 g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **SUBJECT DEVICES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the ATF may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF BLUE APPLE IPHONE AND BLACK IPHONE, CURRENTLY LOCATED AT 801 LINN STREET, CINCINNATI, OHIO 45203 | Case No.  1:22-mj-491 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, WILLIAM CRAYNER, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been so employed since December 2018.  As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, located in Glynco, Georgia.  I also graduated from the ATF Special Agent Basic Training Academy, located in Glynco, Georgia, in June of 2019.

3.      In my career with ATF, I have been assigned to the Cincinnati Field Office in the Southern Judicial District of Ohio. Prior to my employment with ATF, I was a member of the United States Secret Service in Washington D.C. where I served as a member of the Uniformed Division under the Presidential Protective Division. I was employed in that capacity from July of 2010 to February of 2015. I was also a member of the Carmel Police Department in Carmel, IN from February 2015 to December of 2018. I was assigned to the Operations Division at the

Carmel Police Department and took part in various criminal investigations during my tenure. I have received additional training in several areas of law enforcement, including but not limited to gang investigations, narcotics interdiction and investigation, and firearms interdiction and investigation. I am also a graduate of Purdue University where I received a bachelor's degree in Law and Society in 2008.

4.     I have received training in narcotics, gang, and firearms investigative techniques, as well as received training in electronic surveillance methods.   I have participated in numerous investigations involving the illegal possession of firearms and firearms related violent crime. I have also been involved in the investigation of several National Integrated Ballistics Network (NIBIN)NIBIN[1] leads related to violent crimes in Cincinnati, Ohio that were committed by known and unknown person(s).

5.     I have received training in electronic surveillance techniques and analysis of digital evidence. I have experience in the investigation, apprehension, and prosecution of individuals suspected of being involved in federal firearms offenses and offenses of violence. I have specific experience in investigating the use of cell phones by criminal suspects who are involved in the commission of those offenses. I also have knowledge of the technology used by law enforcement authorities to identify cell phones' users and geographic locations.   I have

---

[1] The National Integrated Ballistics Network (NIBIN) is a nationwide data network administered by the Bureau of Alcohol Tobacco and Firearms (ATF) that is comprised of 3-dimensional microscopic images of shell casings collected from crime scenes and test fire cartridges generated from recovered crime guns by law enforcement agencies across the country.  These crime scene and test fire cartridges are collected, imaged, and submitted by the respective agencies for comparison to existing submissions contained within NIBIN.  NIBIN correlates these submissions into likely matches that are subsequently verified by a NIBIN examiner, and subsequently subjected to a peer-review process, that determines multiple shell casings were generated by the same firearm which resulted in unique tooling marks and characteristics being transferred from the firearm to each shell casing.  This information results in the publishment of an investigative lead showing commonalities between each crime event.

successfully used these records in the prosecution of offenders in Federal Court. I have also reviewed forensic extractions of cellular telephones, computers, and other electronic storage media, and have examined content and communications contained within these devices obtained by forensic extraction. This content includes records of communication through call logs, text message content, images and videos, and communication made through various social media applications.

6. I know from training and experience that individuals typically keep cell phones on their persons or within their immediate control, such as in the cupholder of a car they are driving, or in pockets of their clothing, because cell phones are regularly used and possessed as an item of personal property.

7. The facts in this affidavit come from my person observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

8. Based on my training and experience and the facts as set forth in this affidavit, there is probably cause to believe that violations of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Prohibited Person have been committed by ███████████████ and ██████ ████████████ There is also probable cause to search the information described in Attachment A for evidence of these crimes, described in Attachment B.

**IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

9. The property to be searched is a blue Apple iPhone, identified as belonging to ████████████████ and a black Apple iPhone, identified as belonging to ████████ ████████████ hereinafter the "**SUBJECT DEVICES**." Law enforcement recovered the

3

**SUBJECT DEVICES** from the ██████████ and ██████████ person as they were detained during a July 29, 2022 traffic stop. Cincinnati Police Department Officer Jennings verified each of the **SUBJECT DEVICES** belonged to ██████████ and ██████████ through a verbal acknowledgment from each of them. The **SUBJECT DEVICES** are currently located at Cincinnati Police Department, Criminal Investigations Section, 801 Linn Street, Cincinnati, Ohio 45202, plugged into a charger within the Digital Forensics Unit.

## <u>PROBABLE CAUSE</u>

10. On July 29, 2022, Cincinnati Police Department (CPD) Crime Gun Intelligence Center (CGIC) officers initiated surveillence on ████ ██████████ because ██████████ was a suspect in a July 25, 2022, shooting in Cincinnati, Ohio. On July 29, 2022, officers watched ██████████ exit the front passenger seat of a white 2022 Toyota Corolla bearing Ohio plate ████████, which was parked at 3324 Perkins Avenue, Cincinnati, Ohio 45229, and enter 3324 Perkins Avenue. Officers saw ██████████ later exit the front door of 3324 Perkins Avenue. He then entered the driver's seat of the white 2022 Toyota Corrolla. Officers saw three occupants in the car, including ██████████. CGIC plain clothes officers followed the white Toyota from 3324 Perkins Avenue while ██████████ was driving. Officers saw ██████████ run a red light at Mitchell Avenue and Spring Grove Avenue. He continued through the red light on Mitchell Avenue. While following ██████████, officers then saw him commit multiple traffic violations, including running red lights. CGIC Officers Orkies and Kress, who were opperating a marked police vehicle and in uniform, initiated a traffic stop of the Toytoa Corolla at 7000 Pippin Road.

11. The Toyota Corolla was slow to stop and Officers Kress and Orkies saw all three occupants making furtive movements within the vehicle. Before the car stopped, officers saw the

████████████ leaning toward the front seat passenger and the rear seat passenger was also leaning toward the front seat passenger.. The Toyota finally stopped at the entrance of Lakeridge Acres Nursing Home located at 7220 Pippin Road. When Officers Orkies and Kress approached the car, they smelled an odor of marijuana emanating from inside the vehicle. ████████████ who was seated in the driver's seat, immediately handed Officer Orkies a small purple bag containing marijuana. Officers removed ████████████ from the car and detained him. Officer Kress, who approached the passenger side of the car, saw a firearm at the feet of the front seat passenger who was later identified as ████ ████ told officers that she is a carry concealed permit holder. The back seat passenger was identified as ████████████.

12.     After officers removed the occupants from the car, they searched the vehicled. Officers found a loaded Glock 17, 9mm, semi-automatic handgun, serial number BTMW641, underneath the front passenger seat of the vehicle, next to ████ feet.   Officers also found a loaded Canik TP-9, 9mm, semi-automatic handgun, serial number 19BC20849, from underneath the front passenger seat of the vehicle. The Canik firearm was postioned underneath the front passenger seat behind the Glock firearm, further back from the front of the passenger seat. Based on my training and experience, I believe this is consistent with the back seat passenger placing the firearm under the seat.

13.     During the stop, ████ told officers she had a carry conceal weapons permit and that her firearm was in the vehicle. ████ was detained and later offered another statement that neither one of the firearms recovered from the vehicle belonged to her. Both ████████ and ████████ denied owning or possessing either firearm. Both firearms were swabbed for DNA and DNA results are pending. Officers determiend ████████ and ████████ were both

convicted felons and prohibited from possessing firearms. Both subjects were transported to the Hamilton County Justice Center without further incident.

14.     During a search of their persons, law enforcement recovered the blue Apple iPhone from ▮▮▮▮▮▮▮▮▮ person and the black Apple iPhone from ▮▮▮▮▮▮▮▮ person. CPD Officer Jennings then received a verbal confirmation from ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ that each respective cell phone recovered from their person belonged to them.

15.     I reviewed ▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮ criminal history. Before July 29, 2022, ▮▮▮▮▮▮▮ had been convicted of the following crimes punishable by a term of imprisonment exceeding one year: ha Having Weapons While Under Disability (F3), Case Numbers ▮▮▮▮▮ and ▮▮▮▮▮ Hamilton County (OH) Court of Common Pleas and Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) in Case Number ▮▮▮▮▮▮ United States District Court for the Southern District of Ohio. ▮▮▮▮▮▮ was sentenced to more than one year in prison in Case 1:20-CR-0063.

16.     Before July 29, 2022, ▮▮▮▮▮▮ has also been convicted of the following crimes punishable by a term of imprisonment exceeding one year in Hamilton County (OH) Court of Common Pleas: Attempt Aggravated Possession of Drugs (F4) and Having Weapons While Under Disability (F3), in Case Number ▮▮▮▮▮▮ and Felonious Assault (F2) and Having Weapons While Under Disability (F3) in Case Number: ▮▮▮▮▮ ▮▮▮▮▮▮ was also under indictment for two felony cases though the Hamilton County Ohio, Court of Common pleas for Aggravated Trafficking in Drugs (F1) and Trafficking in Fentanyl (F2). Because ▮▮▮▮▮▮ and ▮▮▮▮▮▮ had been convicted of crimes punishable by more than a year in prison, they are both prohibited from possessing firearms and ammunition under 18 U.S.C. § 922(g)(1).

6

17.     I know based upon his training and experience, that individuals involved in illegally possessing firearms routinely use their cell phones in furtherance of obtaining firearms. I also know that illegal firearms possessors routinely use their cell phones to take photos of their firearms and that users of social media, including Facebook, commonly upload photos taken on their mobile devices.  I also know, based on my training and experience, that illegal firearms possessors discuss arrangements via text message, email, social media and other means of communication to obtain firearms. This information is maintained on the cell phone along with records of transactions, legers and accounting information. These individuals also often photograph themselves with firearms. These photographs are then stored and maintained on their cell phones.  Therefore, I believe that the **SUBJECT DEVICES** will contain evidence of violations of 18 U.S.C. § 922(g)(1).

18.     The **SUBJECT DEVICES** are currently in the lawful possession of the Cincinnati Police Department.  As described above, it came into the Cincinnati Police Department's possession in the following way:  Cincinnati Police Department officers were investigating illegal firearms possession. Therefore, while the Cincinnati Police Department might already have all necessary authority to examine the **SUBJECT DEVICES**, I seek this additional warrant out of an abundance of caution to authorize ATF's search of the **SUBJECT DEVICES** and be certain that an examination of the **SUBJECT DEVICES** will comply with the Fourth Amendment and other applicable laws.

19.     The **SUBJECT DEVICES** are currently in storage at Cincinnati Police Department's Criminal Investigations Section, 801 Linn Street, Cincinnati, Ohio 45202**.**  In my training and experience, I know that the **SUBJECT DEVICES** have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state

7

as they were when the **SUBJECT DEVICES** first came into the possession of the Cincinnati Police Department.

## TECHNICAL TERMS

20.     Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.  Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

    b.  Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.

Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special

9

sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control

10

a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

21.     Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://support.apple.com/kb/SP781?viewlocale=en_US&locale=en_US  I  know  that  the **SUBJECT DEVICES** have capabilities that allow it to serve as a wireless telephone, digital camera, video recording, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

22.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

23.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how

11

the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

12

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

25. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

26. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **SUBJECT DEVICES** described in Attachment A to seek the items described in Attachment B.

27.

Respectfully submitted,

William Crayner
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Subscribed and sworn to before me
on August 16. 2022:

Karen L. Litkovitz
**United States Magistrate Judge**

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.   1:22-mj-491 |
| BLUE APPLE IPHONE AND BLACK IPHONE, | ) |
| CURRENTLY LOCATED AT 801 LINN STREET, | ) |
| CINCINNATI, OHIO 45203 | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

      An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Southern _____ District of _____ Ohio _____
*(identify the person or describe the property to be searched and give its location)*:

  See Attachment A.

      I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

  See Attachment B.

      **YOU ARE COMMANDED** to execute this warrant on or before _____ 8/30/2022 _____ *(not to exceed 14 days)*
  ☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

      Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

      The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. Karen L. Litkovitz or Hon. Stephaie K. Bowman _____.
*(United States Magistrate Judge)*

  ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   **3:59 PM, Aug 16, 2022**

Karen L. Litkovitz
**United States Magistrate Judge**

City and state:   Cincinnati, Ohio

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

The property to be searched is:

    (1)  a black Apple iPhone currently located at Cincinnati Police Department, Criminal Investigations Section, 801 Linn Street, Cincinnati, Ohio 45203; and

    (2)  a blue Apple iPhone currently located at Cincinnati Police Department, Criminal Investigations Section, 801 Linn Street, Cincinnati, Ohio 45203.

The property is specifically plugged into a charger within the Digital Forensics Unit. This warrant authorizes the forensic examination of the **SUBJECT DEVICES** for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the **SUBJECT DEVICES** described in Attachment A that relate to violations of 18 U.S.C. §§ 922(g)(1) and involve ███████████████ and ██████ ████████████ since July 1, 2022, including:

      a.  any photographs of firearms;

      b.  any communications related to firearms, including but not limited to, the possession, purchase, and sale of firearms;

      c.  lists of customers and related identifying information;

      d.  types, amounts, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions;

      e.  any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

      f.  any information recoding ███████████ and ██████████████ schedule or travel from July 1, 2022 to the present;

      g.  all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the **SUBJECT DEVICES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review